[No. 15181.    Department Two.    May 1, 1919.]

MILWAUKEE LAND COMPANY, *Respondent,* v.
WEYERHAEUSER TIMBER COMPANY,
*Appellant.*[1]

BOUNDARIES (13)—ESTABLISHMENT—EVIDENCE—WEIGHT AND SUF-
FICIENCY. The evidence fails to show that a quarter section corner
about 950 feet north of a right line between the known section
corners was the official quarter corner established by the govern-
ment surveyors, where it appears that a timber company had made
a private survey which was erroneous, the corners of which were
obliterated by the government surveyors, the claimed quarter corner
was on a line with two such obliterated section corners, and the
topography of the line thereto did not correspond with the govern-
ment field notes.

Appeal from a judgment of the superior court for
Grays Harbor county, Hewen, J., entered September
9, 1918, upon findings in favor of the plaintiff, in pro-
ceedings to establish a lost corner and disputed bound-
ary line. Affirmed.

*W. H. Abel,* for appellant.

*F. M. Dudley* and *F. M. Barkwill,* for respondent.

FULLERTON, J.—The appellant, Weyerhaeuser Tim-
ber Company, is the owner of the north half of sec-
tion twenty-nine, township twenty north, of range
seven west of the Willamette Meridian, the land be-
ing situate in Grays Harbor county, in this state. The
respondent owns the half section of land contiguous
thereto on the north, described as the south half of
section twenty, in the same township and range. The
respondent brought the present action, under § 947 of
the code (Remington's), against the appellant to
establish the boundary line between the respective
tracts, averring in its complaint that the quarter

[1]Reported in 180 Pac. 879.

corner post on such boundary line had become lost or had been destroyed, and that the parties cannot agree as to its former location. Issue was taken on the allegations of the complaint and a trial had, resulting in a decree establishing the line in accordance with the respondent's contentions. It is from this decree that the appeal is prosecuted.

The evidence discloses that the common section corners marking the terminals of the disputed line are in place, or can be definitely located, and as to these there is no dispute between the parties. There was found, however, a purported quarter section corner substantially equidistant from the section corners, marked in the manner customary in the United States official surveys, but some nine hundred and fifty feet north of a right line between the section corners, and the controversy hinges over the question whether this was the quarter section corner set by the government surveyor who subdivided the township in which the land is situated.

Each party to the record has brought forward much to sustain its contention. The evidence we shall not review at length. The appellant, in addition to the showing that the corner claimed by it bore the proper government markings, showed that the topography of the line as given by the government surveyor does not correspond with the topography actually existing on a right line between the section corners; that there were streams reported which have no existence, and that the elevations and depressions of the surface of the ground in no manner correspond with those reported. It introduced evidence, also, tending to show that the blazes on the trees along such line appear to have been made at a much later date than the date of the actual survey; and that no corner, or evidence of

the existence of a corner, could be found at or near the place where the corner should appear had it been set on a right line between the section corners. There was evidence, also, that a member of the party which made the government survey stated, when at the disputed corner prior to the trial, that he was satisfied it was the corner set by the government surveyor.

On the other side, the evidence tended to show that a direct line run between the existing section corners disclosed that the course and distance of the line were each well within the limit of error then permitted by the government, while a line run from the section corner on the east to the existing quarter section corner showed a departure from a permissible course of practically twenty degrees, with a corresponding error in the course from the quarter section corner to the section corner on the west. It showed that the topography of this line is as great a departure from the given topography as is the topography of the direct line. It disputed the contention that the blazes on the direct line were recent, and laid special emphasis on the fact that a tree on such direct line bore the particular markings then put by government surveyors on a line tree. It explained the absence of evidence of a corner at the proper location by showing that the place of the corner fell in a hemlock thicket which was subsequently destroyed by the elements, and with it the evidence of the corner markings.

In addition to this, a plausible explanation is given for the existence of the corner claimed by the appellant to be the true quarter corner. It was shown that a timber company, desiring to locate settlers in the township prior to the official survey, caused it to be surveyed, in part at least, by a private surveyor; that this surveyor began at the north line of the township

and projected his surveys southward, marking the corners set by him after the manner of the official surveys; that, when the official surveys were projected the lines and corners were found not to correspond with the lines and corners of the private surveyor, and because the corners were marked as official corners, the government surveyor caused them to be obliterated when encountered. It is contended that the disputed corner is one of the corners set by the private surveyor which the government surveyor failed to obliterate. That this may be the true explanation is strongly supported by the fact that it is on a direct line between two such obliterated section corners.

We freely concede the principles of law contended for by the appellant. The true corner is at the place where the government surveyor actually located it, and when this is definitely shown, it will prevail over distances, courses, blazes, or the calls of the official field notes. Nor is error in the location of the corner, however plainly shown, subject to correction by the courts. But the question here is not controlled by these principles. The question is, did the government surveyor locate the corner in dispute as a corner on this section line. The evidence convinces us, as it convinced the trial court, that he did not.

The decree is affirmed.

CHADWICK, C. J., HOLCOMB, PARKER, and MOUNT, JJ., concur.